UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

12-CV-21307 Hoeveler/Bandstra

SEAN GELB,

       Plaintiff,

v.

JAMES COHAN GALLERY,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Defendant, 242 Partners, LP d/b/a James Cohan Gallery, named in the lawsuit as JAMES COHAN GALLERY hereinafter ("Cohan Gallery"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Plaintiff's Amended Complaint, and in support thereof states as follows:

1. The allegations contained in paragraph 1 of the Amended Complaint require no response, and therefore Cohan Gallery cannot admit or deny same. To the extent that a response is deemed necessary, Cohan Gallery denies the allegations contained in paragraph 1 in an abundance of caution.

2. Upon information and belief, Cohan Gallery admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Cohan Gallery admits the allegations contained in paragraph 3 of the Amended Complaint, except that it clarifies that James Cohan Gallery is actually the d/b/a for the entity 242 Partners, LP.

12-CV-21307 Hoeveler/Bandstra

4. Cohan Gallery admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Cohan Gallery admits only that it is subject to the personal jurisdiction of this Court. All remaining allegations contained in paragraph 5 of the Amended Complaint are denied as phrased.

6. Cohan Gallery admits the allegations contained in paragraph 6 of the Amended Complaint.

7. Cohan Gallery admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Cohan Gallery admits the allegations contained in paragraph 8 of the Amended Complaint.

9. Cohan Gallery admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Cohan Gallery admits the allegations contained in paragraph 10 of the Amended Complaint, except that it is without knowledge as to how or in what condition the subject sculpture was maintained by the Plaintiff or the Plaintiff's agents from April 26, 1997 until February of 2011, and therefore Cohan Gallery denies the allegations pertaining to the condition of the sculpture.

11. Cohan Gallery admits the allegations contained in paragraph 11 of the Amended Complaint.

12. Cohan Gallery denies the allegations contained in paragraph 12 of the Amended Complaint as phrased, except that it admits that the Plaintiff's sculpture, which is one of a series, was listed in Roxy Paine's catalogs.

12-CV-21307 Hoeveler/Bandstra

13. Cohan Gallery admits the allegations contained in paragraph 13 of the Amended Complaint, and further states that the subject sculpture is one of a series of such sculptures.

14. Cohan Gallery admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Cohan Gallery admits only that in January 2012, it, in the normal course of business, obtained a renewal of the Consignment Agreement with Gelb related to the subject sculpture, and a new Consignment Agreement which speaks for itself was executed on January 13, 2012. Any and all other allegations contained in paragraph 15 of the Amended Complaint are hereby denied.

16. Cohan Gallery denies the allegations contained in paragraph 16 of the Amended Complaint as phrased. Cohan Gallery states and admits that it was the exclusive international dealer for the artist, Roxy Paine, up until March 2012. Cohan Gallery further states and admits only that it was primarily responsible, not solely responsible, for taking a part in and establishing the prices and market values for unique works by Roxy Paine which were and are contingent on market forces, including what a willing buyer will agree to pay for any specific work of art. Any and all other allegations contained in paragraph 16 of the Amended Complaint are denied.

17. Cohan Gallery admits only that certain very large outdoor art sculptures created by Roxy Paine have sold for up to or upwards of $1,000,000.00, but denies any such allegations to the extent that they attempt to characterize or set the value of the specific subject sculpture that is the subject of this lawsuit. Cohan Gallery further states that whether any of Roxy Paine's works of art which have no relation to and are wholly different from the sculpture at issue in this case have sold for $1,000,000.00 is not relevant to the issues in this litigation.

12-CV-21307 Hoeveler/Bandstra

18. Cohan Gallery admits only that the January 13, 2012 Consignment Agreement which speaks for itself set the retail price for which the subject sculpture was to be offered, and in no way reflects the fair market value. Any and all other allegations contained in paragraph 18 of the Plaintiff's Amended Complaint are denied.

19. Cohan Gallery denies the allegations contained in paragraph 19 of the Amended Complaint and states that it increased the retail offered price of the subject sculpture to $150,000.00 to $200,000.00, and that the price the sculpture was offered at in no way reflects its "fair market value."

20. Cohan Gallery admits the allegations contained in paragraph 20 of the Amended Complaint.

21. Cohan Gallery admits the allegations contained in paragraph 21 of the Amended Complaint.

22. Cohan Gallery admits the allegations contained in paragraph 22 of the Amended Complaint.

23. Cohan Gallery denies the allegations contained in paragraph 23 of the Amended Complaint, to the extent that they attempt to explain or interpret the contents of the March 6, 2012 email which speaks for itself.

24. Cohan Gallery admits only that on or about March 8, 2012, it advised the Plaintiff that the sculpture had been damaged while in Cohan Gallery's custody and control. Any and all remaining allegations contained in paragraph 24 are denied as phrased.

25. Cohan Gallery admits the allegations contained in paragraph 25 of the Amended Complaint, and states that the March 8, 2012 e-mail speaks for itself.

12-CV-21307 Hoeveler/Bandstra

26. Cohan Gallery denies the allegations contained in paragraph 26 as phrased, as the damage to the subject sculpture speaks for itself.

27. Cohan Gallery admits only that it apologized for the damage to the sculpture that occurred while it was in Cohan Gallery's care. All remaining allegations contained in paragraph 27 of the Amended Complaint are denied.

28. Cohan Gallery denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Cohan Gallery denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Cohan Gallery denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Cohan Gallery denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Cohan Gallery denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Cohan Gallery denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Cohan Gallery denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Cohan Gallery denies the allegations contained in paragraph 35 of the Amended Complaint.

36. Cohan Gallery denies the allegations contained in paragraph 36 of the Amended Complaint.

12-CV-21307 Hoeveler/Bandstra

37. Cohan Gallery denies the allegations contained in paragraph 37 of the Amended Complaint.

## COUNT I – DESTRUCTION OF UNIQUE CHATTEL

Cohan Gallery re-alleges and incorporates its responses to paragraphs 1 through 37 above as though fully set forth herein.

38. Cohan Gallery admits the allegations contained in paragraph 38 of the Amended Complaint.

39. Cohan Gallery denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Cohan Gallery denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Cohan Gallery denies the allegations contained in paragraph 41 of the Amended Complaint.

## COUNT II – BREACH OF CONTRACT

Cohan Gallery re-alleges and incorporates its responses to paragraphs 1 through 37 above as though fully set forth herein.

42. Cohan Gallery admits the allegations contained in paragraph 42 of the Amended Complaint.

43. Cohan Gallery denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Cohan Gallery denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Cohan Gallery denies the allegations contained in paragraph 45 of the Amended Complaint as phrased.

46. Cohan Gallery denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Cohan Gallery denies the allegations contained in paragraph 47 of the Amended Complaint.

## COUNT III – CONVERSION

Cohan Gallery re-alleges and incorporates its responses to paragraphs 1 through 37 above as though fully set forth herein.

48. Cohan Gallery admits the allegations contained in paragraph 48 of the Amended Complaint.

49. Cohan Gallery admits the allegations contained in paragraph 49 of the Amended Complaint.

50. Cohan Gallery denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Cohan Gallery denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Cohan Gallery denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Cohan Gallery denies the allegations contained in paragraph 53 of the Amended Complaint.

12-CV-21307 Hoeveler/Bandstra

## COUNT IV – BREACH OF BAILMENT

Cohan gallery re-alleges and incorporates its responses to paragraphs 1 through 37 above as though fully set forth herein.

54. Cohan Gallery admits the allegations contained in paragraph 54 of the Amended Complaint.

55. Cohan Gallery admits the allegations contained in paragraph 55 of the Amended Complaint.

56. Cohan Gallery admits the allegations contained in paragraph 56 of the Amended Complaint.

57. Cohan Gallery denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Cohan Gallery admits only that it is owed a duty to the Plaintiff to protect its property to the extent required by law. All remaining allegations are hereby denied.

59. Cohan Gallery denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Cohan Gallery denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Cohan Gallery denies all allegations set forth herein that are not expressly admitted or controverted herein in writing.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

62. Plaintiff's claim should be transferred to a United States District Court located in the State of New York, which is the proper venue for the Plaintiff's claims pursuant to 28 U.S.C. §1391 and §1404.

### Second Affirmative Defense

63. Plaintiff's claims are governed under the substantive law of the State of New York pursuant to the Choice of Law Rules of the State of Florida.

### Third Affirmative Defense

64. Plaintiff's claim and cause of action for conversion must fail, as the Plaintiff has failed to state a cause of action upon which relief can be granted, as there has been no unauthorized or wrongful dominion or act asserted over the Plaintiff's property that is inconsistent with his ownership of same, or that has temporarily or permanently deprived him of the right to possess or own his property.

### Fourth Affirmative Defense

65. Plaintiff's claim for "destruction of unique chattel" must fail, as the subject property has not been destroyed, or rather has sustained restorable and repairable minor damage. Accordingly, Plaintiff has failed to state a cause of action upon which relief can be granted for Count I of the Amended Complaint for destruction of unique chattel.

### Fifth Affirmative Defense

66. Plaintiff's claim for conversion and destruction of unique chattel are barred by the economic loss rule.

12-CV-21307 Hoeveler/Bandstra

### Sixth Affirmative Defense

67.     The Plaintiff's damages, if any, are limited to the cost to restore and repair the subject sculpture, plus diminishment in value, if any.

### Seventh Affirmative Defense

68.     The Plaintiff's claims and damages are barred and/or limited based on the Plaintiff's failure to properly mitigate his damages.

### Eighth Affirmative Defense

69.     The Plaintiff's lawsuit is limited and/or barred pursuant to the doctrine of unclean hands, as the Plaintiff has unjustifiably attempted and demanded that Cohan Gallery pay him an amount far in excess of the value of the damage to the subject property that has been sustained and has attempted to relinquish control and possession of the sculpture to the Defendant on the groundless claim that since roughly ¾ of an inch of the frame has been damaged, the Defendant now "owns" the subject sculpture.

### DEMAND FOR JURY TRIAL

Cohan Gallery demands trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

SIMON, REED & SALAZAR, P.A.

/s/ MICHAEL SIMON
**MICHAEL SIMON**
**Florida Bar No. 0062790**
9155 S. Dadeland Boulevard, Suite 1218
Miami, FL 33156
Tel: (305) 670-0776
Fax: (305) 670-0731
Email: msimon@simonreedlaw.com

and

12-CV-21307 Hoeveler/Bandstra

/s/ MICHAEL MONTEVERDE
**MICHAEL MONTEVERDE**
**Florida Bar No. 0048154**
9155 S. Dadeland Boulevard, Suite 1218
Miami, FL 33156
Tel: (305) 670-0776
Fax: (305) 670-0731
Email: mmonteverde@simonreedlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 26th day of July, 2012 electronically with the Clerk of Court using CM/ECF.

By /s/ MICHAEL SIMON

## SERVICE LIST

Stephen D. Field, Esq.
Stephen D. Field, P.A.
102 E. 49th Street
Hialeah, FL 33013
Tel: (305) 798-1335
Fax: (305) 698-1930
Email: steve@field-law.com

Brooke Terpening, Esq.
The Lenamon Law Firm
100 N. Biscayne Blvd., Suite 3070
Miami, FL 33132
Tel: (305) 373-9911 x 109
Fax: (786) 425-2380
Email: brooke@lenamonlaw.com