UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

12-CV-21307 Hoeveler/Bandstra

SEAN GELB,

        Plaintiff,

v.

JAMES COHAN GALLERY,

        Defendant.
_____/

### DEFENDANT'S MOTON TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a) AND SUPPORTING MEMORANDUM OF LAW

Defendant, JAMES COHAN GALLERY ("Cohan Gallery"), by and through its undersigned counsel and pursuant to 28 U.S.C. §1404(a), hereby files this Motion To Transfer Venue to the United States District Court for the Southern District of New York, and in support thereof states as follows:

    1.    Plaintiff, Sean Gelb ("Gelb"), is a resident of the State of Florida, and a private art collector and dealer. *Amended Complaint [DE 4] at ¶ 2*.

    2.    Defendant, Cohan Gallery, i.e. 242 Partners, LP d/b/a James Cohan Gallery, is an art gallery and dealer which is a New York business entity with its principal place of business in New York, New York. *See Amended Complaint [DE 4] at ¶ 3*.

    3.    The instant lawsuit arises out of a contractual agreement entered into between Gelb and Cohan Gallery, whereby Gelb contracted with Cohan Gallery to have certain pieces of artwork owned by Gelb, including but not limited to a piece by Roxy Paine ("Sculpture"),

exhibited for sale at Cohan Gallery's place of business in New York. *See Amended Complaint* **[DE 4]**.

4. The Sculpture was delivered into Cohan Gallery's possession and custody by Safe Art Storage and Transport, Inc. ("SAT") on February 8, 2011 from the Perogi Gallery located at 179 North 9th Street, Brooklyn, New York. *SAT Bill of Lading at* **Exhibit "A"**.

5. On at least one occasion during the time that the Sculpture was at Cohan Gallery Gelb personally visited the Gallery to take photographs of the Sculpture. *Original Complaint* **[DE 1]** at footnote 2.

6. In early March of 2012, Gelb and Cohan Gallery agreed that Cohan Gallery would return the sculpture into Gelb's and/or his agent's possession. *Amended Complaint* **[DE 4]** *at ¶ 22*.

5. However, within days of making this agreement, Cohan Gallery advised Gelb that the Sculpture had sustained some minor damage to about three quarters of an inch of the wood frame while in Cohan Gallery's possession. *Email string between Cohan Gallery and Gelbat* **Exhibit "B"**.

6. As a result of this damage, Gelb advised Cohan Gallery that it had effectively purchased the sculpture and owed him in excess of $90,000.00 for same. *See* **Ex. B.**

7. On April 2, 2012, Gelb then increased his demand for payment, without reason, to $125,000.00, and provided Cohan Gallery with a copy of a draft Complaint informing the gallery that he would be filing suit against it seeking damages of $200,000.00 should they not immediately agree to pay him the demanded $125,000.00. *April 2, 2012 Demand Letter from Brooke Terpening, Esq. to Cohan Gallery with attachments attached hereto as* **Composite Exhibit "C"**.

8. In response, Cohan Gallery and its insurer filed suit in the United States District Court for the Southern District of New York against Gelb on April 3, 2012 seeking declaratory relief from that Court.

9. On April 5, 2012, Gelb filed the instant lawsuit against Cohan Gallery in this Court.

10. In the New York litigation, Cohan Gallery and its insurer filed a Motion to Enjoin Gelb from prosecuting this Florida action pursuant to the "first filed rule," and Gelb filed a competing Motion to Dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief may granted.

11. The New York District Court considered the parties' competing motions, and pursuant to an Opinion and Order dated June 18, 2012, dismissed Cohan Gallery and its insurer's lawsuit <u>solely</u> on the grounds of the "first filed rule," finding that their lawsuit was an anticipatory filing. *A copy of the June 18, 2012 Opinion and Order entered by the Honorable Harold Baer, Jr. of the United States District Court for the Southern District of New York is attached hereto as **Exhibit "D"**.*

12. In the June 18, 2012 Order the New York district court did not address any of the jurisdictional issues raised by Gelb in his Motion to Dismiss, and in fact, in the last paragraph of its Order stated as follows:

> As a result, I need not consider the alternative arguments for dismissal raised in Defendant's Motion to Dismiss. Lest the Defendant be misled, he should be aware that while this decision represents the law as I read it, assuming the facts are true as represented in the papers, his conduct is hardly worthy of commendation.

*Id.*

13. In the instant matter, there is no question that Gelb and Cohan Gallery entered into a contract whereby Gelb supplied goods and injected goods into the stream of commerce in New York for purpose of sale in New York.

14. Gelb availed himself of New York's economy and art industry and specifically placed certain pieces of artwork owned by him, including the Sculpture, in Cohan Gallery's New York location to be sold.

15. While in Cohan Gallery's custody and control in New York, the Sculpture was damaged. The issue in this case is the damages, if any, that Gelb is entitled to and the standard for determining his damages.[1]

16. Other than Gelb, all witnesses to this action reside in New York, and the actual damaged sculpture is currently located in New York. Moreover, Cohan Gallery is located in New York.

17. Finally, all of the relevant facts and occurrences that are the subject of this lawsuit, including the alleged tortious conduct of Cohan Gallery, occurred in New York.

18. For the foregoing reasons, it is indisputable that the more convenient forum for this case to be litigated in New York. Additionally, issues of public interest weigh in favor of the New York forum, as New York has a greater interest in regulating issues of tort and commerce that occur within its sovereign boundaries.

19. There is no question that the instant lawsuit could have been filed in the United States District Court for the Southern District of New York, as both parties are subject to the

---

[1] Gelb contends that his damages should be calculated by assuming that the Sculpture is a total loss and is now worthless. He further contends that the value of the Sculpture should be determined based on the price for which it was *offered* for sale, not the price for which it was sold, and not for a price determined by an valuation expert. Cohan Gallery contends that Gelb's damages are the difference in value of the undamaged Sculpture and the value of the Sculpture after it can be repaired by a conservator, plus the cost of the conservation.

personal jurisdiction of the New York Courts, and the amount in controversy exceeds the jurisdictional limits of that Court.

WHEREFORE, Cohan Gallery respectfully requests this Honorable Court grant the relief requested herein, and pursuant to 28 U.S.C. §1404(a) transfer the instant litigation to the more convenient and appropriate venue of the United States District Court for the Southern District of New York, and for all such other and further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

Cohan Gallery, by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Transfer Venue to the United States District Court for the Southern District of New York Pursuant to 28 U.S.C. §1404(a), and states as follows:

### I.     General Facts

The instant lawsuit is one for breach of contract and tort arising out of a contract entered into between Gelb and Cohan Gallery, which commenced in February of 2011, and terminated a little over a year later. As set forth in Gelb's Amended Complaint and in the motion above, the contractual relationship entered into between Gelb and Cohan Gallery was one whereby Gelb had a number of pieces of artwork delivered into the possession of Cohan Gallery in New York pursuant to a Consignment Agreement, so that Cohan Gallery could work to sell Gelb's artwork to interested art dealers and art collectors. In March 2012, it was determined by Cohan Gallery that one of the pieces of art, a sculpture ("the Sculpture") owned by Gelb, was damaged while in the possession of Cohan Gallery. The damage is limited to about ¾ of an inch of the outer edge of the mahogany frame of the Sculpture. Immediately upon discovering the foregoing damage, Cohan Gallery contacted Gelb to advise him of the damage, and the instant dispute arose as to

the nature of the parties' obligations and the damage, if any, owed to Gelb as a result of the damage to the Sculpture.

The issue is whether the United States District Court for the Southern District of Florida or the United States District Court for the Southern District of New York is the most convenient forum for this litigation. Based on the underlying facts of this case, and the fact that this case is almost exclusively connected to and arises out of circumstances and actions that occurred in the State of New York, the instant lawsuit should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(A).

## II.    Standard For A Motion To Transfer Venue

Motions to transfer venue are governed by 28 U.S.C. §1404(A). That section provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

A federal district court has broad discretion in determining whether or not the relevant factors to be considered suggest that the transfer of a case to another district court or division is appropriate. See *Motorola Mobility Company, Inc. v. Microsoft Corp.*, 804 F.Supp.2d 1271, 1275 (S.D. Fla. 2011). When determining whether to transfer venue, a district court must consider the following factors: 1) the convenience of the parties, 2) the conveniences of witnesses, 3) the relative ease of access to sources of proof, 4) availability of service of process for witnesses, 5) the cost of obtaining the presence of witnesses, 6) the public interest, 7) and all other practical problems that make trial of a case easier and less expensive in one forum as compared to another. See *Motorola Mobility, Inc.*, 804 F.Supp.2d at 1275. While it is true that a plaintiff's choice of forum generally is given deference by a trial court, "where the operative

facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Id.* at 1276. Therefore, the two issues determinative of whether this case should be transferred are: 1) whether or not this case could have been brought in the United States District Court for the Southern District of New York and, if so, 2) whether or not the foregoing factors render transfer to that venue appropriate.

### III. This Action Could Have Been Brought In The United States District Court For The Southern District Of New York

There is no question that the current litigation could have originally been filed and brought in the United States District Court for the Southern District of New York. The instant lawsuit is between a single plaintiff, who is an individual resident and citizen of the State of Florida, and a single defendant, a New York corporation with its principal place of business located in New York, New York. The amount in controversy in this case exceeds $75,000.00 exclusive of costs or fees. Thus, this case satisfies the test for this Court's federal diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The only remaining issue therefore, is whether the New York District Court can assert personal jurisdiction over the parties. As stated above, Cohan Gallery is a New York corporation with its principal place of business in New York. Therefore, it is undisputed that the New York Court has personal jurisdiction over Cohan Gallery. More importantly, Cohan Gallery voluntarily submits to the jurisdiction of the New York District Court.

As stated in the motion above, Cohan Gallery and its insurer filed a declaratory judgment action in the United States District Court for the Southern District of New York in early April 2012. This action was dismissed based on the "first filed rule." As a result, this case filed by Gelb went forward.

In response to the Petition For Declaratory Relief filed by Cohan Gallery and its insurer in New York, Gelb filed a Motion to Dismiss asserting a number of grounds for dismissal, which included lack of the New York Court's personal jurisdiction over Gelb.  The New York District Court issued an Order on June 18, 2012 dismissing Cohan Gallery and its insurer's declaratory relief action solely on the grounds of the "first filed rule."  The New York Court did not consider the arguments raised by Gelb in his Motion to Dismiss, including whether or not that court had personal jurisdiction over Gelb.

In response to this Motion and Memorandum of Law, Gelb will likely challenge the New York Court's personal jurisdiction over him, as he did in the aforementioned Motion to Dismiss. Despite the anticipated argument of Gelb as to this issue, there is no question that the New York District Court has personal jurisdiction over Gelb because he purposely injected goods and property into the State of New York for purpose of sale, and thereby purposely availed himself of the benefits of conducting business in that jurisdiction such that he falls within the confines of New York's "long arm statute" and the requirements of "Due Process."  The Sculpture was located in New York prior to it being delivered to Cohan Gallery, Gelb authorized Cohan Gallery to exhibit the Sculpture in its New York gallery, and Gelb actually visited Cohan Gallery during the time that the Sculpture was at the gallery for the purpose of taking photographs of the Sculpture.

Whether a party is amenable to "suit in federal court in a diversity action is to be determined in accordance with the law of the state where the court sits, with federal law entering the picture only for the purpose of deciding whether he states assertion of jurisdiction, contravenes a constitutional guarantee." *Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996).  Thus, in determining whether or not a court has jurisdiction,

the court must determine whether a party is amenable to service of process under the forum state's laws, and it must also assess whether the court's assertion or jurisdiction under such laws comports with the requirements of Due Process. *Id.* at 567; see also *Olster Scientific, Inc. v. Guest Elchrom Scientific AG*, 181 F.Supp.2d 95, 100 (N.D. N.Y. 2001) (New York law governs the issue of personal jurisdiction in New York diversity actions).

New York C.P.L.R. §302 is New York's "long-arm statute" that sets forth the reach of New York's jurisdiction over non domiciliaries of the state. It provides in relevant part: "as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." This statute is a "single act statute," which means that proof of one transaction is sufficient to invoke jurisdiction, even if the party never enters New York, so long as the party's activities were purposeful and there is a substantial relationship between the transaction and the claim asserted. *Miller v. Calotychos*, 303 F.Supp.2d 420, 424 (S.D. N.Y. 2004); *Olster Scientific, Inc.*, 181 F.Supp.2d 95, 100. The New York statute therefore satisfies the "specific jurisdiction" due process requirement of a state's exercise of jurisdiction over a person or entity pursuant to the holding of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). See *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) ("The International Shoe Co. also observed that the commission of single or occasional acts in a state may be sufficient to render a party answerable in that state with respect to those acts, though not with respect to matters unrelated to the forum connections.") Further to this point, it is axiomatic that due process considerations are satisfied if a party purposely and sufficiently avails themselves of the privileges of conducting business in the forum state, so that it would be

reasonable to anticipate being subject to suit in that state. *Newbro v. Freed*, 322 F.Supp.2d 428, 431 (S.D. N.Y. 2004) (analyzing long-arm jurisdiction of New York under C.P.L.R. §302); see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  See also *Alan Lupton Associates, Inc. v. Northeast Plastics, Inc.*, 105 A.D. Second 3 (N.Y. 4th Dept. 1984).  Cohan Gallery is unaware of any court that has determined that the breaches of C.P.L.R. §302 do not satisfy the constitutional requirements of due process.

Based on the foregoing, because it is undisputed and clear that Gelb had pieces of art he owned delivered into the custody of Cohan Gallery in New York for purposes of exhibition and sale in New York, and pursuant to a contract negotiated with Cohan Gallery via email and telephone calls into New York, there is no question that Gelb transacted "any business within the state" or contracted "any where to supply goods or services in the state" as described in C.P.L.R. §302.  Furthermore, the Sculpture was in New York prior to its delivery to Cohan Gallery, and Gelb visited the New York gallery so that he could take pictures of the Sculpture in order to document its condition.  For these reasons, there is no question that the United States District Court for the Southern District of New York has personal jurisdiction over both parties. Therefore, because the New York Court has personal jurisdiction over both parties and because it is clear that this case falls within the New York Court's subject matter jurisdiction pursuant to 28 U.S.C. §1332, the first prong of the analysis for transferring venue has been satisfied, as this case could have been brought in the United States District Court for the Southern District of New York.

### IV. Balance Of Convenience And Justice Favors Transferring This Case To The Southern District Of New York

Once the determination has been made that the action might have been brought in the Southern District of New York, the court must decide whether the balance of conveniences

favors the transfer. *Johnston v. Foster Wheeler Constructors, Inc.*, 158 F.R.D. 496 (N.D. Alabama 1994); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). Again, the factors that the court has to consider, which are listed above, are the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process for witnesses, the cost of obtaining the presence of witnesses at trial, the public interest, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp.*, 330 US at 508.

As stated above, the only connection that this case has to the State of Florida is the fact that Gelb is a resident and citizen of the State of Florida. Other than that single connection to Florida, there is no other connection between the facts, witnesses and circumstances of this case and the State of Florida. This case arises out of a contract entered into between Gelb and Cohan Gallery, whereby Gelb delivered certain pieces of art to Cohan Gallery to have them exhibited and sold at Cohan Gallery's location in New York. The damage caused to the Sculpture for which Gelb seeks to recover occurred while in the custody of Cohan Gallery in New York. All witnesses to this action are located in New York—including the conservator that was hired by Cohan Gallery to inspect and verify the damage to the Sculpture and to provide recommendations as to the appropriate repairs to be made to the Sculpture, and to whose report Gelb references in the Amended Complaint. The review of the allegations of the Amended Complaint indicates no connection to the State of Florida, whatsoever, again other than the fact that Gelb lives here. Thus, taking into consideration the factors listed above, there is no question that, 1) the convenience of the witnesses would be better served if this case is litigated in New York, 2) the necessary sources of proof and physical evidence will be located in New York, 3) the ability to serve witnesses with process for purposes of appearance at deposition and/or trial is

limited in this court but can be properly effectuated were the case to be transferred to New York, 4) the cost of obtaining the presence of New York witnesses in New York would be less than in Florida, and 5) the public interest that New York has in overseeing and regulating issues of tort and commerce that occur within its boundaries heavily outweighs the interest that Florida has in governing this matter.

Despite all of the factors weighing in favor of transfer to the New York Court, Gelb will likely try to convince this Court that his presence and residence in the State of Florida somehow renders transfer of this case inappropriate. While all of the other factors to be considered weigh in favor of transfer to the New York venue, it should be noted that the convenience of the parties is to be given less weight than some of the other factors to be considered by the Court. Therefore, not only is the fact that Gelb lives in Florida the only factor that could even begin to weigh in favor of keeping this case in this jurisdiction, but that factor is actually to be given less deference by courts than convenience to witnesses when determining whether or not to transfer a case. "Convenience of the witnesses is given more weight than convenience of the parties when considering transfer of venue." *Motorola Mobility, Inc. v. Microsoft Corporation*, 804 F.Supp.2d 1271 (S.D. Fla. 2011); *see also Windmere Corp. v. Remington Products, Inc.*, 617 F.Supp. 8, 10 (S.D. Fla. 1985) ("where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration"); *see also Fine Arts Services, Inc. d/b/a Felipe Grimberg Fine Art v. Zurich American Insurance Co.*, Case No. 04-20501 (S.D. Fla., Judge King 2004, *Order Granting Defendant's Motion to Transfer Venue*) (finding transfer to venue to New York to be appropriate where none of the operative facts underlying Plaintiffs' cause of action occurred in Florida, and the majority of operative facts occurred in New York, and the majority of evidence and witnesses

were located in New York). *A copy of the aforementioned Order is attached as* **Exhibit "E"**. Therefore, the simple fact that Gelb is a resident of Florida cannot be the basis for keeping this case in Florida considering the fact that all fact witnesses are located in New York, the actual subject Sculpture is located in New York, Cohan Gallery is located in New York, and Gelb purposely availed himself of the benefit of pursuing business opportunities in New York when he placed his art, including the Sculpture, into New York for the purpose of attempting to have it sold. Under these circumstances, and in the interest of convenience and justice, venue should be transferred to the United States District Court for the Southern District of New York.

## V. Conclusion

For the foregoing reasons, this Court should transfer this action to the United States District Court for the Southern District of New York, as it is the most convenient district in which to have this case litigated.

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

/s/ MICHAEL SIMON
**MICHAEL SIMON**
**Florida Bar No. 0062790**
9155 S. Dadeland Boulevard, Suite 1218
Miami, FL 33156
Tel: (305) 670-0776
Fax: (305) 670-0731
Email: msimon@simonreedlaw.com

and

/s/ MICHAEL MONTEVERDE
**MICHAEL MONTEVERDE**
**Florida Bar No. 0048154**
9155 S. Dadeland Boulevard, Suite 1218
Miami, FL 33156
Tel: (305) 670-0776
Fax: (305) 670-0731
Email: mmonteverde@simonreedlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 13th day of August, 2012 electronically with the Clerk of Court using CM/ECF.

By  /s/ MICHAEL SIMON

## SERVICE LIST

**Stephen D. Field, Esq.**
Stephen D. Field, P.A.
102 E. 49th Street
Hialeah, FL 33013
Tel: (305) 798-1335
Fax: (305) 698-1930
Fla. Bar No. 554111
Email: steve@field-law.com

**Brooke Terpening, Esq.**
The Lenamon Law Firm
100 N. Biscayne Blvd., Suite 3070
Miami, FL 33132
Tel:  (305) 373-9911 x 109
Fax: (786) 425-2380
Fla. Bar No. 59574
Email: brooke@lenamonlaw.com

**Michael Simon, Esq.**
SIMON, REED & SALAZAR, P.A.
9155 So. Dadeland Blvd., Ste. 1218
Miami, FL 33156
Tel: (305) 670-0776
Fax: (305) 670-0731
Florida Bar No. 0062790
msimon@simonreedlaw.com

**Michael Monteverde, Esq.**
SIMON, REED & SALAZAR, P.A.
9155 So. Dadeland Blvd., Ste. 1218
Tel: (305) 670-0776
Fax: (305) 670-0731
Florida Bar No. 0048154
mmonteverde@simonreedlaw.com

15