UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-21307-HOEVELER

SEAN GELB,

Plaintiff,

v.

JAMES COHAN GALLERY,

Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE comes before the Court on Defendant's Motion to Transfer Venue. The relevant facts are undisputed and are summarized, below. After a review of these facts and the applicable law, the Court finds that Defendant has failed to establish that this case should be transferred. The Court also has determined that the record before the Court does not support Plaintiff's entitlement to judgment on the pleadings.

## BACKGROUND

Plaintiff Sean Gelb is a resident of the State of Florida. Defendant James Cohan Gallery is a New York business entity with its principal place of business in New York, New York. Gelb is the owner of an original sculpture by the artist Roxy Paine (hereinafter "Sculpture"). On or about February 1, 2011, Gelb and the Gallery entered into a consignment agreement to have the Sculpture exhibited for sale at the Gallery. On January 13, 2012, the parties agreed to execute a new consignment agreement, and then in early March the parties agreed to return the Sculpture to Gelb's possession. A few days later, the Gallery notified Gelb that the Sculpture had sustained damage while in the possession of the Gallery. A dispute ensued as to the loss suffered by Gelb as a result of the damage to the Sculpture, with Gelb immediately rejecting the

Gallery's offer to repair the Sculpture and demanding the fair market value of the Sculpture at the time of loss (due to the allegedly irreversible nature of the damage and resulting devaluation of the integrity of the art work). ECF No. 4, ¶ 35. Gelb also threatened litigation if his demands were not met promptly. ECF No. 14-2.

Gelb claims that the fair market value of the Sculpture at the time of the damage was between $150,000 to $200,000, based on the retail price at which the Gallery had offered the Sculpture at an Art Fair in February 2012 (which was held virtually, i.e., existed exclusively on the internet). ECF No. 4, ¶¶ 19, 35. In contrast, the Gallery claims that the Sculpture sustained only minor damage to a section of the wood frame, noting that the damage was only approximately three quarters of an inch in height. ECF No. 14, ¶ 5.[1] The Gallery also argues that the retail price listed for the Art Fair in no way reflected the fair market value. ECF No. 12, ¶¶ 18-19.

On April 3, 2012, the Gallery filed suit against Gelb in the United States District Court for the Southern District of New York, seeking a declaratory judgment to limit Defendant's liability to an amount equal to the estimated cost of the repairs. ECF No. 14, ¶ 8; ECF No. 14-4. Two days later, on April 5, 2012, Gelb filed this lawsuit against the Gallery in Florida state court, seeking damages for destruction of "unique chattel" (the Sculpture), breach of contract, conversion, and breach of bailment. Compl., ECF No. 1; ECF No. 4, ¶ 1. Gelb (Defendant in the New York action) filed a motion to dismiss that action, and the Gallery (Plaintiff in the New York action) filed a motion to enjoin Gelb from prosecuting the later-filed action in Florida. The District Court in New York found that the lawsuit was an anticipatory filing and dismissed the lawsuit, ECF No. 14, ¶ 11, but noted that Gelb's alleged conduct was "hardly worthy of commendation."

---

[1] Defendant's Motion to Transfer Venue contains two paragraphs numbered "5" and "6." In this instance, the Court is referring to the second occurrence of paragraph number "5."

The Gallery now seeks transfer of this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). Gelb objects, arguing that the issue of venue already was litigated in the Southern District of New York, that New York courts do not have jurisdiction, and that the Southern District of Florida is the proper venue.

## ANALYSIS

### A. Collateral estoppel

Gelb argues that this case should not be transferred because the issue of venue already was litigated in New York and the doctrine of collateral estoppel applies. Collateral estoppel or issue preclusion forecloses re-litigation of an issue that has been litigated and decided in a prior suit, and applies when:

> (1) the issue at stake [is] identical to the one involved in the prior litigation;
> (2) *the issue [was] actually litigated in the prior suit;*
> (3) *the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that action*; and
> (4) the party against whom the earlier decision is asserted ... had a full and fair opportunity to litigate the issue in the earlier proceeding.

I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) (emphasis added).

The Gallery correctly points out that the Court in New York dismissed the Gallery's declaratory judgment action solely on the grounds of the "first filed rule," finding that the lawsuit was an anticipatory filing (in light of Gelb's then-pending threat to sue). ECF No. 14-4. That Court stated that "as a result, I need not consider the alternative arguments for dismissal raised in Defendant's motion to dismiss."[2]

---

[2] Alternative arguments included: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) insufficient service of process; and (4) failure to state a claim upon which relief may be granted.

Although the Gallery attempted to argue that convenience factors favored New York and, thus, that the New York court should retain jurisdiction, that Court declined to address whether a balance of convenience factors favored that forum. That Court explained that assessing convenience factors occurs only *after* a party fails to demonstrate an improper anticipatory filing and, in light of that Court's determination that the New York case was an anticipatory filing, the Court did not need to balance convenience factors. Thus, I find that the issue was not "actually litigated" in New York and collateral estoppel does not bar this action.

### B.  Should venue be transferred?

A civil case may be transferred, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interests of justice" to "any other district or division where it might have been brought." The burden is on the Defendant herein, as the moving party, to establish that there should be a change in forum. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). The question of whether to transfer venue is a two-pronged inquiry. A court must determine whether the alternative venue is one in which the action could originally have been brought by the plaintiff, and then must balance private and public factors to determine if transfer is justified. Defendants requesting transfer must prove with particularity the inconvenience caused by the plaintiff's choice of forum, as transfer is only granted when "plaintiff's choice of forum ... is clearly outweighed by other considerations." See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

### i.  Jurisdiction in New York

The Parties dispute that this action could originally have been brought in the Southern District of New York; however, their focus improperly is on whether the

Southern District of New York has personal jurisdiction over <u>Gelb</u>[3] instead of whether this <u>case</u> could have been brought in the Southern District of New York.  28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division *where it might have been brought*.") (emphasis added).  It is clear that this action could originally have been brought in the Southern District of New York under 28 U.S.C. §1391(a), and (c), as the Gallery's principal place of business is located in New York, New York; moreover, the Gallery voluntarily submitted to the jurisdiction of the federal court in New York.  ECF No. 14, p. 7.

### ii.  Balancing of factors

Courts consider several factors in weighing the convenience of the parties, including: plaintiff's initial choice of forum, convenience of the parties, convenience of the witnesses, availability of witnesses through compulsory process, location of documents and ease of access to sources of proof, the financial ability to bear the cost of the change, and the public interest.  <u>See</u> <u>Mason v. Smithkline Beecham Clinical Labs.</u>, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).  Each of these factors is discussed below.

<u>Gelb's initial choice of forum</u>

The Gallery asserts that "[t]here is absolutely no connection between this case and Miami, other than the fact this is where the Plaintiff lives," ECF No. 17, p. 8, and correctly states that Gelb's choice of forum is entitled to less consideration where the operative facts underlying the cause of action did not occur within the forum chosen by Gelb.  The Gallery  argues that because the operative facts in this

---

[3] Gelb incorrectly cites to <u>Mason v. Smithkline Beecham Clinical Labs.</u>, 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001), when Gelb states that "the alternative venue must have jurisdiction over the plaintiff." ECF No. 15, p. 7.  The case correctly stated that "the alternative venue must be one in which the action could originally have been brought by the plaintiff."  <u>Mason</u>, 146 F.Supp.2d at 1359.

case occurred in New York, little deference should be given to Gelb's choice of Florida as the forum.  The Gallery primarily relies on a decision entered in <u>Fine Arts Servs., Inc. v. Zurich Am. Ins. Co.</u>, Case No. 04-20501-CIV-KING (S.D. Fla., May 13, 2004), a copy of which was attached to Defendant's Motion, at ECF No. 14-5.  In <u>Fine Arts</u>, the plaintiff, a Florida resident, sold a painting to an art gallery in New York; the art gallery never paid the plaintiff for the painting, and that plaintiff subsequently presented its insurance claim for the alleged loss of the painting to that defendant, an insurance company whose New York agent had issued the plaintiff an insurance policy covering plaintiff's property.  The Court held that none of the operative facts occurred in Florida and the majority of operative facts occurred in New York; thus, transfer was warranted. <u>Id.</u> at p. 4.  Specifically, the Court stated that "the alleged fraud occurred in New York, and the vast majority of evidence and witnesses are in New York." <u>Id.</u>

Although this case and <u>Fine Arts</u> both involved a piece of art owned by a Florida resident and an art gallery located in New York, the operative facts of the two cases differ.  Unlike in <u>Fine Arts</u> where the dispute revolved around an alleged fraud, the primary dispute in this case is not about liability and how the Sculpture was damaged, ("Cohan Gallery admits the allegations contained in paragraph 25 of the Amended Complaint. . .", ECF No. 12, ¶ 25; "the GALLERY followed-up its telephone message with an email reconfirming that the SCULPTURE was damaged by the DEFENDANT, twice acknowledging and accepting culpability by admitting responsibility. . .", Am. Compl., ECF No. 4, ¶ 25); instead, this dispute addresses damages: how much damage did the Sculpture sustain and how is the damage to be valued? ("While in Cohan Gallery's custody and control in New York, the Sculpture was damaged. The issue in this case is the damages, if any, that Gelb is entitled to and the standard for determining his damages." <u>See</u> ECF No. 14, ¶ 15.[4])  Therefore,

_____

[4] Defendant focuses its argument in its Answer, ECF No. 12, and Motion to Transfer Venue, ECF No. 14, on damages; not liability.  Although Defendant in its Reply to

6

the operative facts in this case involve the damage sustained by the Sculpture.  The operative facts will involve expert witnesses likely located both in both New York and Florida, and perhaps elsewhere.

The Gallery also relies on <u>Windmere v. Remington Products, Inc.</u>, 617 F. Supp. 8 (S.D. Fla. 1985), a decision which ordered a change in venue based primarily on the convenience of the parties.  In <u>Windmere</u>, three out of the four parties and numerous witnesses relevant to the operative facts were all located in the forum to which transfer was sought, and that forum (which had fewer cases filed each year than the forum from which transfer was sought) was likely to be able to expedite disposition of the trial.  The Court noted that granting the change in venue results "in simply more than shifting the inconvenience of one party to another."  617 F. Supp. at 10-11.  In contrast, only two parties are involved in the present case and witnesses relevant to the operative facts will be located both in New York and Florida.

The operative facts in this case involve the amount and type of damages sustained by the Sculpture, not how the Sculpture was damaged.  Moreover, it is "equally true that a plaintiff's choice of forum must be afforded considerable deference, where, as here, the plaintiff has elected to bring suit in the district in which he resides." <u>Mason</u>, 146 F.Supp.2d at 1360.  Therefore, Gelb's choice to bring this cause of action in his district of residence and domiciliary must be afforded considerable deference; this factor weighs against transfer.

<u>Convenience of the parties</u>

Gelb argues that the Gallery conducts business in Miami Beach, Florida, by annually attending and selling at an international art fair in Miami Beach, is contractually obligated to ship the Sculpture to Miami, and has a legal team in Miami.

---

its Motion to Transfer Venue argues liability is at issue, the main issue remains one of damages.

The Gallery contends that the fact that it attends an art show in Miami once a year and has access to lawyers in Miami is not relevant. Moreover, the Gallery argues that Gelb has traveled to New York in the past and has already litigated this dispute in New York. There is no doubt that this litigation would be more convenient for the Gallery if it were conducted in New York; however, the Court finds that litigation in Florida would not be substantially more inconvenient for the Gallery than litigation in New York would be for Gelb. Where a transfer "merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain." <u>Mason</u>, 146 F. Supp. 2d at 1361 (quotations omitted). The Court finds that this factor does not weigh in favor of transfer.

### Convenience of the witnesses

Both Parties argue that it would be inconvenient for their respective expert witnesses to travel outside the forum in which they are based or reside. Furthermore, the Gallery argues that Gelb obtained expert witnesses in Southern Florida to bolster his case for not transferring venue and that the universe of potential expert witnesses as related to this trial is much greater in New York than South Florida. ECF No. 17, pp. 7-8. Gelb asserts that any experts retained by the Gallery do not have to reside in New York to render an opinion and assess and value the damage.

Motions to transfer are not to be determined by which party can present a longer list of possible witnesses located in the respective districts. See <u>Mason</u>, 146 F. Supp. 2d at 1362-63 ("A motion for transfer is not simply a numbers game."). The party seeking the transfer must support its motion by "clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." <u>Id.</u> at 1362; see also <u>Motorola Mobility, Inc. v. Microsoft Corp.</u>, 804 F. Supp. 2d 1271, 1276-77 (S.D. Fla. 2011) (stating that "[i]n determining which parties' witnesses are more inconvenienced by a venue, 'the court must qualitatively evaluate the materiality of the testimony that the witness[es] may provide' in the case, and may not just compare the

number of witnesses in each forum.") (internal citation omitted). Here, the Gallery has identified only one non-party witness that it would likely use for trial - a conservator hired by the Gallery to inspect and verify the damage to the Sculpture. No other key witnesses are "clearly specified" and the significance of their testimony is not supplied. Moreover, it may be that experts chosen by parties in this case do not even have to travel in order to render an opinion and assess the value of the damage. Although the Gallery argues that New York has a larger "universe" of potential expert witnesses, the Gallery does not address or provide evidence that Southern Florida lacks a sufficient number of art valuation experts to address the issues in this case.

Finally, the Gallery contends that all fact witnesses will be from New York, and that it would be inconvenient and costly to have them come to Florida. Fact witnesses as to the manner in which the Sculpture was damaged are of less importance, given that the operative facts involve damages and not liability. Moreover, this factor is related to the availability of those fact witnesses to appear at trial, and not addressed to the potential inconvenience for such witnesses during pre-trial proceedings. In summary, the Court finds that the Gallery has not demonstrated that this factor necessitates transfer.

Availability of witnesses through compulsory process

As noted above, the Gallery argues that no fact witnesses are located in Florida; thus, if such witnesses are needed for trial, the Gallery would have no way of subpoenaing them from New York to appear for trial in Florida. Gelb contends that most fact witnesses are employees of the Gallery, and thus their presence can be obtained. The Gallery responds that while most of the New York witnesses are currently employees, the Gallery should not have to bear the uncertainty of what the future holds as to their employment status or the cost to bring them to Florida for trial.

Transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party. It may also be

denied where the "movant does not show that the witnesses would be unwilling to testify." Mason, 146 F. Supp. 2d at 1362. Here, most fact witnesses are likely to be employees or recent employees of the Gallery, and the Gallery has failed to state a material reason as to why such employees (even if no longer employed) would be unable to travel to Florida for trial, if necessary. Furthermore, the Gallery has not shown that the one non-party witness identified would be unwilling to testify in Florida. In fact, neither Party has identified any particular witness who will be unavailable to testify in the respective jurisdiction; accordingly, this factor does not weigh in favor of, or against, transfer.

## Location of documents and ease of access to sources of proof

The Gallery contends that the damaged Sculpture is currently located in New York and that all the relevant facts and occurrences subject to this law suit occurred in New York. ECF No. 14, p. 4. In terms of relevant documents, the location does not weigh heavily in favor of transfer. First, any relevant document will be produced during discovery irrespective of the venue. Second, the Gallery has not demonstrated that there is any particular difficulty in producing relevant documents or material, especially in light of technological advancements in document imaging and production. As for the sculpture, the Gallery already was contractually obligated to pay for "round-trip shipping costs of the work," and thus the re-location of the Sculpture to Miami does not appear to be at issue. ECF No. 4-1, p. 2. Alternatively, the sculpture could be viewed by video, photographs, and drawings, from whatever location. Accordingly, this factor does not warrant transfer of the case.

## Financial ability to bear the cost of a change in venue, and the public interest

Gelb argues that the costs and inconvenience of litigating in a distant location (New York) would be a greater burden for him as he is a private individual, where the Gallery is an international multi-million dollar business that is insured. ECF No. 15,

p. 16. However, Gelb has not demonstrated or argued an inability to meet the costs of litigating this case in New York. Similarly, the Gallery also has shown no inability to incur the cost of this litigation, regardless of venue. As both sides seem to be able to bear the cost of litigation irrespective of venue, this factor is neutral.

Gelb further argues that the Southern District of Florida is a more judicially efficient venue. ECF No. 15, p. 17. Courts consider the efficiency, or relative caseloads, of venues when evaluating whether a change in venue should be ordered. See Windmere, 617 F.Supp. at 11 (considering the congestion of court's docket and finding that "a transfer to the District of Connecticut would reasonably expedite disposition of the trial with the attendant reduction of costs and inconvenience to the litigants."). The median time for disposition of a civil case last year was 38.5 months in the Southern District of New York as compared to 4.8 months in the Southern District of Florida. Federal Case Management Statistics 2011, ECF No. 15-12, pp. 12, 93. Further, for cases that go to trial, the median time from filing to trial for a civil case is 30.6 months in the Southern District of New York as compared to 17.2 months in the Southern District of Florida. Id. Therefore, the efficiency factor does not weigh in favor of transfer to New York.

In sum, after analyzing the relevant factors as applied to undisputed facts in this case, the Court finds that the Gallery has not shown that the preference for Gelb's choice of forum is "clearly outweighed" by other considerations. Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

Further, the Court has reviewed Gelb's Motion for Judgment on the Pleadings, and does not find that the record supports the granting of such relief. While it is clear

11

that the Gallery does not dispute that the Sculpture was damaged while in the Gallery's possession, there are disputed issues of material facts as to Gelb's claims, and the Court is unable to enter judgment based on the pleadings. It is, therefore,

ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment on the Pleadings is DENIED.

DONE AND ORDERED in Chambers in Miami this 30th day of January 2013.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to: counsel of record